IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HOME INSTEAD, INC., a Nebraska Corp., | ) ) ) | Case No. 8:12-CV-264 |
| Plaintiff, | ) ) | |
| vs. | ) ) | **PROTECTIVE ORDER** |
| DAVID FLORANCE, MICHELLE FLORANCE, and FRIEND OF A FRIEND, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

**IT IS HEREBY STIPULATED AND ORDERED AS FOLLOWS:**

1.   The terms and conditions of this Order shall govern initial disclosures, the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, other discovery taken pursuant to the Federal Rules of Civil Procedure, and all other documents and information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

2.   The designation "CONFIDENTIAL" shall be limited to documents or information that any party in good faith, believes to: (a) contain proprietary or commercially sensitive information; (b) be subject to a confidentiality agreement or other agreement containing a confidentiality provision; (c) contain

1

sensitive personal or financial information; or (d) contain information that should otherwise be subject to confidential treatment under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. For purposes of this Order, "party" and "parties" shall mean the named parties to this litigation, as further defined in paragraph 4(a) below.

3. The designation "ATTORNEYS' EYES ONLY" may only be used for documents or information that any party reasonably and in good faith determines to constitute confidential and highly sensitive financial or business information, the disclosure of which could result in irreparable financial injury or the reduction in a party's competitive advantage in the marketplace. Information or documents that are publically available may not be designated as CONFIDENTIAL and/or ATTORNEYS' EYES ONLY.

4. Documents or information designated "CONFIDENTIAL" may be disclosed only to the following:

    a. the named parties, meaning any named plaintiff, defendant, counterclaimant, counterdefendant, third party plaintiff or defendant, or an intervenor in this case. Any officer, director, or employee of a corporate party provided with "CONFIDENTIAL" documents and/or information shall execute the Certification attached hereto as Exhibit A;

    b. a person who prepared, received, or reviewed the "CONFIDENTIAL" documents and/or information prior to its production in this litigation;

    c. a witness at any deposition or other proceeding in this action and his or her counsel, provided that such witness executes the Certification attached hereto as Exhibit A and is only shown "CONFIDENTIAL" documents or information during his or her testimony or in preparation for such testimony. Under no circumstances shall the witness retain a copy of any documents or information designated as "CONFIDENTIAL" in

        any form unless the witness is a named party as described in paragraph 4(a) above or an expert as described in paragraph 4(f) below. The witness' counsel shall not retain any documents or information designated as "CONFIDENTIAL" unless the attorney fits within the category described in paragraph 4(d) below;

  d.  outside counsel representing a named party in this action (described in paragraph 4(a) above), including all legal associates, clerical, copy service providers, document imaging service providers, database/coding service providers, temporary or other support staff who are employed by such counsel to assist such counsel and who have been advised of this Order;

  e.  court reporters recording a properly noticed deposition, hearings, or other court proceedings in this case;

  f.  an expert or consultant who (i) is retained by any attorney described in paragraph 4(d) to assist with this litigation, (ii) is not a current employee of a party (as that term is described in paragraph 4(a)) or subsidiary or affiliate of a party, and (iii) executes the Certification attached hereto as Exhibit A;

  g.  any private mediators utilized in this litigation, provided such person executes the Certification attached hereto as Exhibit A; and

  h.  the United States District Court for the District of Nebraska (the "Court"), any Special Masters and/or Mediators appointed by the Court, the jury, and court personnel.

5.  Documents or information designated "ATTORNEYS' EYES ONLY" may be disclosed *only* to:

  a.  the persons identified in paragraphs 4(d)-(h); and

  b.  a witness at any deposition or other proceeding in this case, provided that such witness executes the Certification attached hereto as Exhibit A and is only shown the documents or information designated as "ATTORNEYS' EYES ONLY" during his or her testimony or in preparation for such testimony. Under no circumstances shall the witness retain a copy of any document or information designated as "ATTORNEYS' EYES ONLY" unless the witness is an expert

3

as described in paragraph 4(f). The witness' attorney shall also not retain a copy of any document or information designated as "ATTORNEYS' EYES ONLY" unless the attorney fits within the category described above in paragraph 4(d).

6. This Order does not apply to any documents or information:

   a. already in the lawful possession of a party and not subject to any obligation of confidentiality; and

   b. acquired by a party from a third party without being designated confidential unless the third party received the documents or information subject to any form of confidentiality protection.

7. All documents and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order and produced or exchanged in the course of this litigation shall be used or disclosed solely for the purpose of this litigation and in accordance with the provisions of this Order. Such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information shall not be used for any business purpose, or in any other litigation or other proceeding or for any other purpose, except by Court Order or otherwise required by law.

8. Persons other than those listed above in paragraph 4 may be allowed to review documents and/or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" if, at least five (5) business days prior to such review, the requesting counsel first identifies the person to whom counsel desires to disclose the documents and/or information and obtains the written consent of the attorney for the party who designated such documents and information; provided, however, that no party shall be required

to disclose the identity of any expert not retained as a trial witness. Should the attorney to whom the request is made decline to give consent, the requesting attorney may file a motion seeking permission from the Court. For purposes of this Order, "person" refers to natural beings and corporate/legal entities.

9. If a party in receipt of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information pursuant to this Order receives a request, subpoena, or facially valid order from a non-party to this Protective Order seeking production or disclosure of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information, that party shall promptly give notice by facsimile or electronic mail to the counsel of record for the party that originally produced said "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information or the party that designated said "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information pursuant to this Order. The notice shall identify the documents and information sought and shall enclose a copy of the request, subpoena, or order. If a timely motion, appeal, or other application for relief from the request, subpoena, or order has been filed by any party, the party upon whom the request, subpoena, or order was served shall not produce or disclose the requested documents and/or information without consent of the disclosing party and/or designating party, or until ordered by a court of competent jurisdiction. The party seeking to prevent further disclosure or redissemination of documents and/or information designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall bear it/his/her own costs of seeking to prevent such further disclosure or

redissemination including, without limitation, court costs, attorney fees, and bond costs. Nothing in this Order shall be construed to require the party in receipt of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information to subject himself/herself/itself to sanctions or penalties for noncompliance with any legal process or order or to seek any relief whatsoever from any court.

      10.    Counsel shall inform each person to whom they disclose or give access to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information, pursuant to paragraphs 4 and 5 above, the terms of this Order, as well as the obligation to comply with those terms. Persons receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information are prohibited from disclosing it except in conformance with this Order. The recipient of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information agrees to subject himself/herself/itself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order. The parties agree, and agree to inform each person to whom they disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information, that damages for violation of this Order are not an adequate remedy and that the appropriate remedy is injunctive relief as well as any other relief provided for by law. Counsel for each named party agrees to maintain a file of all Certifications (Exhibit A) required by this Order.

11. The recipient of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information shall maintain such documents and/or information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such documents and/or information as is exercised by the recipient with respect to his or her own confidential or proprietary information.

12. All or any part of a document, tangible item, discovery response or pleading disclosed, produced, or filed by any party or person in this litigation may be designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by marking the appropriate legend on the face of the document and each page so designated. With respect to tangible items, the appropriate legend shall be marked on the face of the tangible item, if practicable, or by delivering at the time of disclosure, production, or filing to the party to which disclosure is made, written notice that such tangible item is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

13. The manner with which "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information may be presented at trial will be addressed by the Court at the Final Pretrial Conference or otherwise in advance of trial.

14. The parties may designate the deposition testimony and exhibits (or portions thereof) of any witness in this litigation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this paragraph, the

videocassette or other videotape or CD-ROM or DVD container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within thirty (30) days of receipt of a transcript, the deponent's counsel, or any other party may redesignate all or portions of the transcript "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." The deponent's counsel or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information and serve the same on opposing counsel. Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," depending on the designation at the time of the deposition. If no designation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information.

15. A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.

16. In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved within five (5) business days, the party requesting the shortened time period may request appropriate relief from the Court. The parties agree, subject to Court approval, that such relief

sought can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

17. A party seeking to file "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, documents, or pleadings must follow the procedures set forth in NECivR 7.5 or NECivR 5.3(c) so that they are filed under seal or with restricted access.

18. If any party receives a document that contains information related to its/his/her business operations that could have been designated either "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with this Order, but was not designated as such by the producing party, that party may, within thirty (30) days of receipt, notify all other parties in writing that the information or documents should be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Within thirty (30) days of such notice, the party designating the document shall provide all other parties with properly designated documents. During the thirty (30) day period after notice, the materials shall be treated as designated in the designating party's notice. If a party is aware that a person not authorized to access the documents or information under either paragraph 4 or 5 of this Order has access to the documents or information at the time of notice, that party shall notify the designating party within five (5) business days and shall use its best efforts to obtain the immediate return of such documents and/or information and to inform such person of the terms of this Order. Within five (5) business days of receipt of the properly designated

documents, the other parties shall deliver all unmarked or incorrectly designated documents and other materials, including copies of those documents and other materials, to the designating party. Any party that disagrees with a designation made in accordance with this paragraph may object to the designation as provided in paragraph 19.

19. Nothing in this Order shall be construed in any way as a finding that documents and information designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" actually are entitled to such designation. Any party may object, in writing, to the designation by another party by specifying the documents and/or information in issue and its grounds for questioning the designation. A party shall not be obligated to challenge the propriety of a designation at the time made, and a failure to do so shall not preclude any subsequent challenge. In the event that any party to this litigation disagrees at any point in these proceedings with the designation by the designating party, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the parties cannot resolve the dispute within twenty-one (21) days of service of a written objection, or a shorter period if trial/discovery schedule does not reasonably allow for the twenty-one (21) day period, the party challenging the designation may file a motion within twenty-one (21) days after the parties' informal attempts at resolution have concluded. The documents and information shall continue to receive the protection of their designation until the Court rules on the motion. The party that designated the documents

and/or information "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall have the burden of demonstrating the propriety of the designation.

20. Nothing herein shall be construed to be an admission of relevance or to affect, in any way, the admissibility of any documents, testimony or other evidence in this litigation. This Order is without prejudice to the right of any party to bring before the Court at any time the question of whether any particular document or information is or is not discoverable or admissible.

21. Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to this litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information so long as the attorney does not disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information except as provided for in this Order.

22. Inadvertent disclosure by a producing party of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information that is not properly designated in accordance with this order shall not constitute a waiver of any claim of protection under this order. Upon discovery of the inadvertent production, the producing party shall notify the receiving parties in writing of such disclosure and within thirty (30) days of such notice shall provide properly designated documents or information. During the thirty (30) day period after notice, the materials shall be treated as designated in the producing party's notice. Within five (5) business days of receipt of properly designated documents or information, the receiving parties shall deliver all

hard copies and portable data storage devises (e.g., CDs, DVDs, USB flash drives, etc.) containing electronic copies of all unmarked or incorrectly designated documents or information to the producing party. During the five (5) business day time period, the receiving party shall also ensure that all electronic copies of unmarked or incorrectly designated documents or information are erased from any type of Storage Medium, as that term is defined below, on which the electronic copies were maintained. The receiving party shall not retain any unmarked or incorrectly designated copies, in either hard or electronic format, and shall treat information contained in said documents and materials and any summaries or notes thereof as appropriately marked pursuant to the producing party's notice. For purposes of this Order, the term "Storage Medium" (and the plural form, "Storage Media") means any technology used to place, store, and retrieve electronic data (e.g., hard drive, computer network, cloud storage, database, etc.), but does not include portable data storage devices.

23.   Should any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents or information be disclosed, through inadvertence or otherwise, by a receiving party to any person not authorized under this Order, then that receiving party shall: (a) use its best efforts to obtain the return of any such documents and/or information; (b) within seven (7) business days of the discovery of such disclosure, inform such person of all provisions of this Order and identify such person to the producing or designating party; and (c) request such person to sign the Certification attached hereto as Exhibit A. The

executed Certification shall be served upon counsel for the producing or designating party within ten (10) business days of its execution by either the party to whom the documents and/or information was inadvertently disclosed or the disclosing party. Nothing in this paragraph is intended to limit the remedies that the producing or designating party may pursue for breach of this Order.

24. A producing person who is not a party in this litigation shall be entitled to the protections afforded herein by signing a copy of this Order and serving same on all counsel of record. Thereafter, a non-party producing person or entity may designate as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" only testimony, information, documents or things that such producing person has produced or provided in the action.

25. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter.

26. Except as set forth in this paragraph below, within thirty (30) days after final termination of this litigation, including all appeals: (a) all hard copies and portable data storage devices (e.g., CDs, DVDs, USB flash drives, etc.) containing electronic copies of "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information, including those in the custody of a party, a party's counsel, any authorized agents for a party, outside experts, or consultants retained or utilized by a receiving party, shall be delivered to counsel for the party who produced such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and information or counsel for the party who

designated such documents and information pursuant to this Order; (b) all persons who maintained "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information in electronic form on any type of Storage Medium shall ensure that all copies are erased from all Storage Media upon which the person maintained the electronic copies; and (c) all persons and parties who received "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information during the course of litigation shall execute a sworn statement that it/he/she has disposed of all documents and information in accordance with this paragraph, and shall serve the executed sworn statement on the producing or designating party.  The only exceptions to these requirements are as follows: (a) exhibits in the clerk's custody that contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information shall be treated as set forth in paragraphs 27-28 below; and (b) outside counsel for the named parties may each retain one copy of the following: (i) deposition transcripts and exhibits; (ii) Court transcripts and exhibits; (iii) written discovery responses; and (iv) documents and other materials submitted to the Court.  Nothing herein shall require the return or destruction of attorney work product.  If any of the materials retained by outside counsel contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents and/or information, such material shall continue to be treated in accordance with this Order.

27. If this matter continues through trial or other final determination by the Court, the parties' respective outside counsel shall comply with NECivR

79.1(f) regarding withdrawal and retention of exhibits in the clerk's custody. During the period of retention, the parties and their counsel shall maintain the confidentiality of all exhibits marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in accordance with the terms of this Order. Within thirty (30) days after the NECivR 79.1(f) retention period, the parties' respective outside counsel shall comply with paragraph 26 with respect to all exhibits marked as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

28. If the parties settle this matter with prejudice, outside counsel for each named party shall retrieve from the Court all "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" exhibits that it filed with the Court during the litigation and handle such exhibits in accordance with paragraph 26.

29. Pursuant to Federal Rule of Evidence 502(d), if documents or information subject to a claim of attorney-client privilege or work product immunity is inadvertently or mistakenly produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such documents and information. Unless the receiving party intends to challenge the producing party's assertion of privilege or immunity, within seven (7) business days after receipt of a written request made by the producing party, the receiving parties shall: (a) deliver all hard copies and all portable data storage devices (e.g., CDs, DVDs, USB flash drives, etc.) containing electronic copies of documents or information for which a claim of inadvertent production is made to the producing party; (b) erase all electronic copies of inadvertently or mistakenly produced documents

or information that are maintained on Storage Media; and (c) expunge any document or material reflecting the contents of the inadvertently produced documents or information. If a receiving party serves a written objection to the return of such documents and/or information within the seven (7) business day period described above, the producing party may move the Court for an order compelling the return of such documents and/or information. Pending the Court's ruling, a receiving party may retain the inadvertently produced documents and/or information, however, the party must not use or disclose the documents or information until the claim is resolved and must take reasonable steps to retrieve the documents and information if the party disclosed it before being notified.

30. Nothing in this order shall prevent any party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders or modification of this order.


Dated: June 20, 2013         *s/Cheryl R. Zwart*
                             Hon. Cheryl R. Zwart
                             United States Magistrate Judge

## CERTIFICATION - EXHIBIT A

I hereby certify that I have read the attached Protective Order in *Home Instead, Inc. v. Friend of a Friend, et al.*, Case No. 8:12-cv-264, dated _____, 2013 (the "Order"), and I agree that I will not reveal "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents or information to, or discuss such with, any person, entity, or party who is not entitled to receive "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents and information in accordance with the Order. I will use "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents and information only for the purposes of facilitating the prosecution or defense of the action and not for any business or other purpose. I will otherwise keep all "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" documents and information confidential in accordance with this Order. I agree that the United States District Court for the District of Nebraska has jurisdiction to enforce the terms of the Order, and I consent to jurisdiction of that Court over my person for that purpose. I will otherwise be bound by the strictures of the Order.

Dated: _____   _____

                                                                     [Print Name]

                                                                     [Company]

                                                                     [Address]

| | |
|---|---|
| Respectfully submitted this 20th day of June, 2013. | HOME INSTEAD, INC.<br>Plaintiff,<br><br>/s/ Theresa D. Koller<br>Trenten P. Bausch (#20655)<br>Theresa D. Koller (#22437)<br>Adam W. Barney (#24521)<br>CLINE WILLIAMS WRIGHT JOHNSON & OLDFATHER, L.L.P.<br>One Pacific Place<br>1125 South 103rd Street, Ste. 600<br>Omaha, NE 68124<br>(402) 397-1700<br>tbausch@clinewilliams.com<br>tkoller@clinewilliams.com<br>abarney@clinewilliams.com |
| Respectfully submitted this 20th day of June, 2013. | FRIEND OF A FRIEND, INC., DAVID FLORANCE, and MICHELLE FLORANCE,<br>Defendants<br><br>/s/ Kirk E. Goettsch<br>Kirk E. Goettsch<br>Mark A. Williams<br>Parsonage, Vandenack, Williams, LLC<br>5332 S 138th St., Suite 100<br>Omaha, NE 68137<br>kgoettsch@pvwlaw.com<br>mwilliams@pvwlaw.com |

4814-8161-4356, v. 4