IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOME INSTEAD, INC., a Nebraska Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID FLORANCE, MICHELLE FLORANCE, and FRIEND OF A FRIEND, INC.,<br><br>    Defendants. | 8:12-CV-264<br><br>ORDER |

    This matter is before the Court on its own motion, in order to address the effect of the recent decision by the Court of Appeals for the Eighth Circuit, which reversed this Court's denial of defendants' motion for preliminary injunctive relief. *Home Instead, Inc. v. Florance*, --- F.3d ----, 2013 WL 3583942 (8th Cir. 2013); filings 9, 24, 77, 78. In order to more efficiently resolve this case, the Magistrate Judge will hold a status conference to address the parties' pending motions and discuss the overall progression of the case.

    Currently pending before the Court are two motions: plaintiff Home Instead's motion for preliminary injunctive relief (filing 26) and defendants' motion to certify questions of state law (filing 41). Now that the Court of Appeals has issued its mandate (filing 81), this Court will also need to reconsider defendants' motion for preliminary injunctive relief (filing 9).

    The Court finds, however, that it presently lacks the information needed to rule on any request for injunctive relief. Significant time has elapsed since Home Instead moved for injunctive relief, and even more time has passed since defendants' request for the same. Ruling on either motion at this time risks relying upon outdated information. Before considering Home Instead's motion, the Court needs to know what, if anything, the Florances are still doing that merits an injunction. Similarly, the Court cannot determine whether either side is facing an imminent threat of irreparable harm without evidence that the threatened harms persist. Finally, the parties need an opportunity to present briefing and evidence bearing on the issues identified by the Court of Appeals.

    The Magistrate Judge will hold a status conference to discuss these matters on August 14, 2013. Filing 80. Prior to, or at the conference, the parties should decide whether they wish to persist in their motions for preliminary injunctive relief. If so, the parties should consider whether it will be more

practical to supplement their existing motions for injunctive relief with updated evidence and appropriate briefing, or to withdraw the existing motions and replace them with new. The parties may also wish to proceed directly to the final resolution of this case, so that appropriate injunctive relief, if any, can be granted on a permanent basis. Because there are factual issues (and likely credibility determinations) that must be resolved, the Court suspects that anything short of trial will fail to meaningfully advance the case (although motions for summary judgment may be useful in framing some of issues of law, such as the enforceability of the covenants not to compete involved in this case). The parties should be prepared, at the status conference, to discuss how they intend to resolve these matters.

Dated this 12th day of August, 2013.

BY THE COURT:

John M. Gerrard
United States District Judge