IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOME INSTEAD, INC., a Nebraska Corp., ) | Case No. 8:12-CV-264 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER OF PERMANENT** |
| DAVID FLORANCE, MICHELLE FLORANCE, ) | **INJUNCTION** |
| and FRIEND OF A FRIEND, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

IT IS HEREBY ORDERED:

1. Defendants shall wind down Friend of a Friend, Inc. d/b/a Home Care of the Palm Beaches ("FOF") by no later than August 31, 2014. "Winding down" means that Defendants shall stop servicing all clients of FOF and shall transition all clients of FOF to other providers for no monetary consideration.

2. Defendants and their respective officers, agents, employees, servants, representatives, attorneys, and all other persons under their authority or who are acting in concert with Defendants or on their behalf shall, effective on the first day after Defendants issue to Home Instead, Inc. ("Home Instead") a written certification of completion of the winding down process or September 1, 2014 ("Effective Date"), whichever comes first:

   a. Not directly or indirectly represent to the public or hold themselves out as a present or former franchisee of Home Instead, including without limitation, representing such on any social media or association website profiles;

b. Not use, in any manner whatsoever, any confidential methods, computer software, procedures, techniques, or telephone numbers associated with the unique management and business system for non-medical companionship and domestic care-services for senior citizens known as Home Instead Senior Care (the "System");

c. Not communicate or order products from any of Home Instead's approved suppliers;

d. Not use any of the trademarks, domain names, service marks, logos or other commercial symbols associated with the System, including, without limitation, HOME INSTEAD SENIOR CARE® (collectively the "Licensed Marks");

e. Not use any distinctive forms, slogans, signs, symbols and devices associated with the System including, without limitation, signs, advertising materials, displays, stationary, forms, Home Instead training materials, any other proprietary materials of Home Instead, or any other articles that display a Licensed Mark;

f. Make any modifications or alterations necessary to distinguish their business office from its appearance while operating as a HOME INSTEAD SENIOR CARE® franchisee so as to prevent any possibility of confusion by the public;

g. Take any action required to cancel all fictitious or assumed names or equivalent registrations relating to any of the Licensed Marks;

h. On or before August 31, 2014, notify the telephone company and all listing agencies to cancel all telephone numbers (including toll free numbers) and regular, classified, or other telephone directory listings ever associated with Home

    Care of the Palm Beaches or the Licensed Marks, and provide Home Instead with written verification of same;

i. Deliver to Home Instead the following proprietary and/or Confidential Information (which for purposes of this Order is defined as the methods, techniques, formats, specifications, procedures, information, systems, and knowledge of and experience in the operation and franchising of a HOME INSTEAD SENIOR CARE® business, including, without limitation, Home Instead's training program and operations manual), which belong to Home Instead: all copies, in any form, of Home Instead's operations manual, software licensed by Home Instead, training materials, and forms related to Defendants' operation of a HOME INSTEAD SENIOR CARE® franchised business pursuant to the 2002 Renewal Franchise Agreements for Franchise Nos. 176 and 285 ("2002 Renewal Franchise Agreements").  Defendants shall destroy all remaining files and records related to Defendants' operation of a HOME INSTEAD SENIOR CARE® franchised business pursuant to the 2002 Renewal Franchise Agreements, including, without limitation, agreements, invoices and any documents containing client information (all of which constitute Home Instead's Confidential Information), and any copies of the foregoing documents and records.  Defendants must delete all such documents, records, and information that are maintained in electronic form.  Defendants must not retain any copy or record of any of the foregoing, except Defendants' copies of the initial and renewal franchise agreements for Franchise No. 176 and 285, any correspondence between the parties, and any other documents that Defendants reasonably need for

compliance with any provision of law. Notwithstanding the requirement that Defendants destroy all documentation containing client information, Defendants may forward to third party providers documents necessary to transition clients to the respective third party providers during the winding down process;

j. Furnish to Home Instead, within thirty (30) days after the Effective Date, evidence satisfactory to Home Instead of Defendants' compliance with paragraphs 2(a) through 2(i);

k. Not use Home Instead's Confidential Information, which includes, without limitation, client information and Home Instead's operations manual, in any other business or capacity;

l. Maintain the absolute confidentiality of Home Instead's Confidential Information;

m. Not make any unauthorized copies of any portion of Home Instead's Confidential Information disclosed in written form;

n. For a period of one (1) year from the Effective Date, refrain from either directly or indirectly, for themselves or through, on behalf of, or in conjunction with any other person, partnership, corporation or limited liability company:

   i. except for the "winding down" of FOF, performing any act injurious or prejudicial to the goodwill associated with the Licensed Marks and the System;

   ii. owning, maintaining, operating, engaging in, or having any financial or beneficial interest (including any interests in any corporations, partnerships, trusts, limited liability companies, incorporated associations or joint ventures) advising, assisting, or making loans to, any business that is of a character and concept similar to a HOME INSTEAD SENIOR CARE® franchised business. The term "similar" means a business that looks like, copies, imitates or operates in a manner similar to a HOME INSTEAD SENIOR CARE® franchised business, including, but not limited to, any senior care business, and which business is, or is intended to be, located within a seventy-five (75) mile radius of the location of any HOME INSTEAD SENIOR CARE® franchised business or within

seventy-five (75) miles of the franchised business granted by the 2002 Franchise Renewal Agreements. This clause is not intended to prohibit Defendants' attorneys of record in this litigation from providing legal counsel to a business that is of a character and concept similar to a HOME INSTEAD SENIOR CARE® franchised business, so long as they do not make use of any information or documents from this litigation.

DATED this 1st day of July, 2014.

                            BY THE COURT:

                            s/ John M. Gerrard
                            John M. Gerrard
                            United States District Judge